## NICHOLAS SAMUEL'S Ex'r. *vs.* SAMUEL M'DOWELL.

*A public agent giving a due bill in his own name held liable personally.*

CAPIAS CASE. Pleas, Ne unques executor, non assumpsit, payment and discount, and act limitations. Replications and issues.

This action was brought for the amount of a due bill ($65,) given by M'Dowell to Nicholas Samuel for services on board of a light boat belonging to the United States. The evidence was that M'Dowell was a deputy of the collector of the port of Wilmington, and received money to pay the wages of the hands employed in the light boats of whom Samuel was one. These hands were in the employment of the United States. The due bill was produced. It was as follows: February 8. 1828, Samuel M'Dowell acknowledges to owe Nicholas Samuel $65, being the balance due for his services on board of light boat No. 2. (Signed) Samuel M'Dowell.

*Bayard* and *Read, Jr.*, for deft. moved a nonsuit on the ground that an action would not lie against a public officer for a breach of official duty. 7 *Com. L. Rep.* 434; 3 *Bos. & Pul.* 235.

*Hamilton* for plff. contended that a deputy collector was not an officer known to the law, and that the deft. had made himself personally responsible by a promise in his individual capacity. It is not merely an implied liability but an express undertaking.

The court refused the nonsuit.

We recognize the general principle that an officer of the government is not individually bound for its responsibilities; but this is not that case. Col. Whitely was the collector in this case and received money of the government to pay these men. He paid the money for this purpose to the deft. here who was his deputy, clerk, or agent. We do not say that even under these circumstances there arises an implied assumpsit and consequent liability on the part of the agent; but here he has given a due bill for the amount, acknowledging himself to be personally indebted to the plff's. testator. We think that neither public policy nor private justice will require or allow that he should not be considered personally responsible.

The case went on, but the deft. having proved an actual payment, had a verdict.

*Hamilton* for plff.
*J. A. Bayard* and *Read, Jr.*, for deft.